UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**PAUL R. MORENO, AS INDEPEND-
ANT EXECUTOR OF THE PROBATE
ESTATE OF PAUL G. MORENO;**

   *Plaintiff*,

**v.**

**PHH MORTGAGE CORPORATION,**

   *Defendant*.

Case No.  SA-25-CV-00658-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand and Defendant PHH Mortgage Corporation's Response. *ECF Nos. 7, 10*. Upon consideration, the Motion to Remand is **DENIED**.

### Factual Background

The case arises out of a promissory note and deed of trust executed by Paul G. Moreno and held by PHH Mortgage. Paul G. Moreno passed away on June 27, 2024, and his son, Paul R. Moreno (Moreno) was appointed as Independent Executor of the estate on November 12, 2024. In the Order Probating Will, Granting Independent Administration and Authorizing Letters Testamentary, the Probate Court declared: (1) Moreno "is hereby appointed as Independent Executor of the Estate of [Paul G. Moreno], and that Letters Testamentary are hereby granted…."; and (2) "no other action shall be had in this Court other than the return of an Inventory, Appraisement, and List of Claims…as required by law…" *ECF No. 10, exh. 4*. Moreno filed the Inventory, Appraisement, and List of Claims on March 2, 2025. *ECF No. 1, exh 6*. On March 13, 2025, PHH gave Moreno notice that the foreclosure sale was set to occur on June 2, 2025. On May 23, 2025, Moreno filed suit in state court asserting causes of action of breach of contract, trespass to try

title, and action to quiet title seeking damages and temporary and permanent injunction. Moreno obtained a Temporary Restraining Order precluding the imminent foreclosure. PHH removed the action to this Court, and Moreno filed this Motion to Remand.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having only the power authorized them by Congress under Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Under 28 U.S.C. § 1441(a), a civil action filed in a state court is removable to a federal court if the federal court has original jurisdiction, meaning the action could have been originally filed in federal court. *Caterpillar v. Williams*, 482 U.S. 386, 391–92 (1987). For removal to be proper, jurisdictional facts supporting removal must be present at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Jurisdiction is therefore determined at the time suit is filed. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

The party removing the case to federal court bears a heavy burden. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The removing party must show federal jurisdiction exists and removal was proper. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *superseded by amendment on other grounds*, Tex. R. Civ. P. 47. Any ambiguities are resolved against removal because the removal statute is strictly construed in favor of remand. *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). As such, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

In this Motion to Remand, Moreno contends this Court lacks subject matter jurisdiction due to "the probate exception" which precludes this Court from adjudicating any matter involving property "in the custody of the probate court." Moreno also contends that under Texas Es-

tates Code § 355.155 PHH Mortgage is required to wait six months from the date of the estate being opened and a granting of letters of testamentary being issued prior to foreclosure. Additionally, Moreno argues that §355.155, §355.157, and §355.157 of the Texas Estates Code require PHH Mortgage to obtain permission from the Probate Court to post for foreclosure. Moreno contends PHH Mortgage attempts to avoid compliance with this state law by removal of this case to federal court. Moreno contends this Court does not have jurisdiction to apply the Texas Estate Code and administer the estate.

The probate exception prevents federal courts from exercising jurisdiction over "matters of strict probate[.]" *Sutton v. English*, 246 U.S. 199, 205 (1918). Federal courts can, however, exercise jurisdiction over suits against an estate as long as the federal courts do not "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). Courts apply a two-step inquiry to determine application of the probate exception to a federal court's diversity jurisdiction: (1) whether the property in dispute is estate property within the custody of the probate court; and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id*. "If the answer to both questions is yes, 'then the probate exception precludes a federal district court from exercising diversity jurisdiction.'" *Id*.

Upon review of the first question, the distinction between an independent and dependent administration implicates determination whether the subject property is within the custody of the probate court. A dependent administrator must receive the probate court's permission for most actions and must regularly report to the probate court. *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Independent executors act without court approval. Tex. Est. Code Ann. §§ 22.017, 402.002. Once a court appoints an Independent Executor," "further action of any nature may not be had in the probate court except where [the Probate Code] specifically and explicitly provides for some action in court." *Id.* § 402.001. Consequent-

3

ly, "the appointment of an independent executor withdraws the estate from the supervision and control of the probate court, ... and so long as it remains in the hands and under the control of the executor, the probate court has no jurisdiction to approve a claim against the estate." *Rowland v. Moore*, 174 S.W.2d 248, 250 (Tex. 1943) (collecting authorities and citing Tex. Rev. Civ. Stat. Ann. art. 3436, now codified as Tex. Est. Code Ann. § 402.001, *et seq.*).

Moreno does not dispute that complete diversity exists. The probate court granted Moreno letters of independent administration, giving him control of the estate. *See* Dkt. 37-1 at 8-10 (DX-6). As independent administrator, and upon filing the inventory, the probate court no longer has jurisdiction over the subject property or to approve a claim against the estate. *See Rowland*, 174 S.W.2d at 250. Consequently, the answer to the first question for application of the probate exception to this Court's diversity jurisdiction is "no," which obviates application of the probate exception. *See U.S. Bank v. Venissa Ford*, No. 4:22-CV-3499, 2024 WL 499642, at *5 (S.D. Tex. Jan. 5, 2024); *Fin. of Am. Reverse LLC v. Greenberg*, 2020 WL 13413221, at *3 (S.D. Tex. Nov. 19, 2020).

Next, when the basis for federal subject matter jurisdiction in this case is diversity of citizenship, this Court holds jurisdiction to apply state substantive law for determination of the subject matter of this action. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

For these reasons, Moreno's Motion to Remand will be denied.

## CONCLUSION

Upon consideration, the Motion to Remand (*ECF No. 7*) is **DENIED.**

It is so ORDERED.
SIGNED this 2nd day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE